# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DREMETRA LIPSEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 20-1056-JWB-KGG |
| ) | |
| T-MOBILE USA, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

## ORDER DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT

Plaintiff, Dremetra Lipsey, files the present "Motion to Amend Complaint and Opposition to Defendant T-Mobile USA, INC's Motion to Dismiss." (Doc. 11.) Having reviewed the submissions of the parties, the Court **DENIES** Plaintiff's motion as set forth below.

## BACKGROUND

Plaintiff, who represents herself *pro se*, filed the present case alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Americans with Disabilities Act ("ADA") against her former employer, T-Mobile. Plaintiff moved to amend her Complaint against Defendant to add T-Mobile's registered agent in Kansas, Corporation Service Company, as an additional defendant. Defendant timely filed its Answer on April 15, 2020 (Doc. 13).

The Court notes Plaintiff's motion includes "opposition" to the Motion to Dismiss. In the affirmative defenses contained in the Answer (Doc. 9), Defendant requests the Court dismiss Plaintiff's Complaint in its entirety. This language in the Answer is improper. There is no motion to dismiss before the Court.

## DISCUSSION

Federal Rule 15(a) provides, in pertinent part, that "a party may amend its pleading only with the opposing party's written consent or the court's leave." In the absence of any apparent or declared reason, such as undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment, leave to amend should be freely given, as required by the federal rule. ***Foman v. Davis***, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); ***Frank v. U.S. West, Inc***., 3 F.3d 1357, 1365 (10th Cir. 1993).

A court is justified in denying a motion to amend as futile if the proposed amendment could not withstand a motion to dismiss or otherwise fails to state a claim. *Nkemakolam v. St. John's Military School*, 890 F.Supp.2d 1260, 1261-62 (D. Kan. 2012); *Ketchum v. Cruz*, 961 F.2d 916, 920 (10th Cir. 1992); *see also* 6 Wright, Miller & Kane, FEDERAL PRACTICE AND PROCEDURE § 1487 at 642 (1990).

Defendant contends that Plaintiff's requested amendment is futile because Corporation Service Company is T-Mobile's registered agent and is not Plaintiff's former employer. Defendant's registered agent, Corporation Service Company, has no responsibility, or liability, for employment decisions made by Defendant T-Mobile. The Court agrees. Therefore, Plaintiff's requested amendment is **denied.**

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Amend Complaint (Doc. 11) is **DENIED** as set forth above.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 2nd day of June, 2020.

 S/ KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge